**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LAZARO QUINONES-CEDENO,

    Petitioner,

v.

Case No. 99-81125
Case No. 04-CV-70702-DT

UNITED STATES OF AMERICA,

    Respondent.
                                               /

**OPINION AND ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

On March 8, 2005, the court issued an "Order Denying Defendant's 'Memorandum In Support of His Motion Under 28 U.S. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.'" Under Federal Rule of Appellate Procedure 22(b) and 28 U.S.C. § 2253(c)(1), an applicant cannot appeal such a dismissal without the issuance of a certificate of appealability by the district judge who rendered the judgment." Fed. R. App. P. 22(b)(1). For the reasons stated below, the court will decline to issue a certificate of appealability.

**II. DISCUSSION**

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C.

§ 253(c)(3); Fed. R. App. P. 22(b)(1); *In re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### A. Petitioner's Sentence of 300 Months

In his February 23, 2004, "Memorandum in Support of His Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody," Petitioner Lazaro Quinones-Cedeno claimed that his sentence of 300 months violated his right to due process because the court mistakenly believed that he was a significant actor in the drug conspiracy referred to in the Government's indictment. Petitioner contended that he was at most minimally involved in the drug conspiracy. Petitioner further alleged that the government was mistaken to believe that he was involved in the processing of cocaine paste due to a misinterpretation of the Spanish word "pasta."

In its March 8, 2005 order, the court concluded that Petitioner's lengthy sentence resulted from his criminal history, not the amount of cocaine involved. (3/8/05 Order at 4.) Moreover, the court determined that Petitioner's claim relating to the Government's alleged misinterpretation of the word "pasta" lacked merit because Petitioner did not point to a place in the record where the Government claimed at trial that "pasta" meant "cocaine paste" nor where the government misinterpreted in a wiretap his use of the

word "pasta." *Id.*

Reasonable jurists could not find the court's assessments of either of these two issues to be debatable or wrong.  First, reasonable jurists could not debate that Petitioner's sentence resulted from his criminal history, not based on a finding that he was a significant actor in the conspiracy.  Moreover, since Petitioner did not point to a place in the record to support his claim of misinterpretation of the word "pasta," reasonable jurists would not award any merit to this claim.  Accordingly, the court will decline to issue a certificate of appealability as to Petitioner's due process claim.

### B.  Petitioner's Sentence Enhancement

Petitioner also alleged that his prior state conviction was improperly used to enhance his sentence.  Petitioner relied on 21 U.S.C. § 851(a)(2), which provides:

> An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

21 U.S.C. § 851(a)(2).  Petitioner claimed that the state conviction on which the government relied did not involve an indictment, and therefore should not have been used to enhance the sentence that he received.  In its March 8, 2005 order, the court determined that Petitioner misinterpreted the statute and clarified that a defendant's conviction by way of informations, state or federal, can be enhanced pursuant to 21 U.S. C. § 851(a)(2).  (3/8/05 Order at 4-5.)  Therefore, based on the court's proper interpretation of the statute, reasonable jurists could not debate the court's assessment of Petitioner's claim.  Accordingly, no certificate of appealability will issue as to this

claim.

## C. Ineffective Assistance of Counsel

### 1. Pretrial Stage

Petitioner next asserted a violation of his Sixth Amendment right to effective assistance of counsel, alleging that his counsel should have moved to suppress the telephone conversations that the Government intercepted. Petitioner claimed that traditional law enforcement techniques provided satisfactory results, and the use of wiretaps was therefore unnecessary. In its March 8, 2005 order, the court determined that Petitioner had not made a showing of ineffective assistance of counsel.

In order to establish ineffective assistance of counsel, a criminal defendant must show (1) that his counsel's performance was deficient such that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) that counsel's deficient performance prejudiced the criminal defendant by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also United States v. Hall*, 200 F.3d 962, 965 (6th Cir. 2000) ("To analyze ineffective assistance of counsel claims, this Circuit applies the two-pronged standard in *Strickland v. Washington*."). The court notes that Petitioner's attorney joined in the motion to suppress electronic surveillance that was filed by Petitioner's co-defendant Ricardo Rodriguez, as noted in Dkt. # 80. Moreover, the Sixth Circuit affirmed the trial court's decision to uphold the wire-tap applications on grounds of necessity, stating that there was "sufficient detail how alternative investigative methods had proven insufficient to

identify the conspirators and uncover the scope of the criminal enterprise. It follows that the wiretap was properly authorized and that the district court did not err in declining to suppress the fruits of its execution." *United States v. Lazaro Quinones-Cedano & Ricardo Rodriguez*, 2002 WL 31640468, at *12. Inasmuch as the Sixth Circuit held that the wire-tap applications were proper, reasonable jurists would not disagree with this court's conclusion that Petitioner failed to satisfy the *Strickland* test of ineffective assistance of counsel. See *Strickland*, 466 U.S. at 687.

### 2. Trial Stage

Petitioner further alleged that his counsel was ineffective for failing to renew a motion for a judgment of acquittal following the presentation of Defendant's case. Petitioner also complained that the admission of the anonymous note at his trial was improper.

Applying the *Strickland* standard, the court found that Petitioner had failed to establish any prejudice from the alleged deficiencies of counsel. Indeed, on direct appeal, the Sixth Circuit found that there was ample evidence of Petitioner's culpability. *United States v. Cedeno*, 2002 WL 31640468, at * 5. Reasonable jurists would not disagree with the court's conclusion that any failure of Petitioner's counsel to object to this evidence did not constitute ineffective assistance of counsel.

### D. Petitioner's Right of Confrontation

Petitioner also claimed that *Crawford v. Washington*, 541 U.S. 36 (2004), created new law that should be applied retroactively and used in reviewing the issue of the admissibility of the anonymous note that the Government presented at trial.

In *Teague v. Lane*, 489 U.S. 288 (1989), the Court held that "new rules should always be applied retroactively to cases on direct review, but that generally they should not be applied retroactively to criminal cases on collateral review." *Id.* at 303. The latter principle is subject to only two narrow exceptions: (1) where the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, or (2) if it requires the observance of "those procedures that . . . are 'implicit in the concept of ordered liberty.'" *Id.* at 290.

In its March 8, 2005 order, the court noted that Petitioner presented no case law where *Crawford* had been applied retroactively to collateral review cases. Moreover, the Sixth Circuit held in *Dorchy v. Jones*, 398 F.3d 783, 788 (6th Cir. 2005), that *Crawford* can not be applied retroactively,  The court notes that in *Bockting v. Bayer*, 399 F.3d 1010, 1012-13 (9th Cir. 2005), the court found that "because the *Crawford* rule is both a 'watershed rule' and one 'without which the likelihood of an accurate conviction is seriously diminished,' the rule is retroactive." The Ninth Circuit's finding, however, is contrary not only to the Sixth Circuit, but also to the majority of circuits that have spoken on this issue. Moreover, even if it were to be applied retroactively, it would not help Petitioner because statements of co-conspirators that are not testimonial in nature do not raise confrontation clause issues. *United States v. Lee*, 374 F.3d 637 (8th Cir. 2004). Reasonable jurists would not be able to debate the court's assessment of Petitioner's claim. Accordingly, the court will decline to issue a certificate of appelability as to this claim.

6

### E. *Blakely* Issue

Petitioner also alleges that his sentence is affected retroactively by the holding in *Blakely v. Washington*, 542 U.S. 296 (2004). In the case *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court held that the Federal Sentencing Guidelines were unconstitutional. The Court also held that its decision must be applied to:

> all cases on direct review. . . . That fact does not mean that we believe that every sentence gives rise to a Sixth Amendment violation. Nor do we believe that every appeal will lead to a new sentencing hearing. That is because we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the "plain-error" test. It is also because, in cases not involving a Sixth Amendment violation, whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine.

*Id.* at 769.

As the court determined in its March 8, 2005 order, the Sixth Amendment rule announced in *Blakely* and now applicable under the Federal Sentencing Guidelines is not retroactive and does not apply to Defendant's collateral challenge to his sentence. *See Humphress v. United States,* 398 F.3d 855, 857 (6th Cir. 2005)*; Green v. United States*, No. 04-6564, 2005 WL 237204, at *1 (2d Cir. Feb. 2, 2005) ("Petitioner's application to file a second or successive Section 2255 petition is denied because neither *Blakely* nor *Booker* established a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review."); *McReynolds v. United States*, 2005 WL 237642, at *2 (7th Cir. Feb. 2, 2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005.").

Reasonable jurists could not debate the court's assessment of Petitioner's claim. Accordingly, the court will not issue a certificate of appealability as to this claim.

### III.  CONCLUSION

For these reasons, IT IS ORDERED that Petitioner is DENIED a Certificate of Appealability.

  S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  August 22, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 22, 2005, by electronic and/or ordinary mail.

  S/Lisa G. Teets  
Case Manager and Deputy Clerk  
(313) 234-5522